**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Duane Lewis CAGLE, Defendant—Appellant.**

**No. 01–30376.**

**D.C. No. CR–01–30008–ALA.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2002 *.

Decided Sept. 12, 2002.

Fed. R.App. P. 34(a)(2).

Before GOODWIN, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Defendant Duane Lewis Cagle entered a conditional guilty plea to Possession of Methamphetamine With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). Defendant reserved the right to appeal, and now does appeal, the district court's denial of his motion to suppress. On de novo review, we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

Defendant argues that the warrantless search of the Halls bag and its contents was improper under Oregon law. He argues that the search was illegal because the Medford Police Department's inventory search policy directed officers to open closed containers that were not primarily intended to be used to store valuables, in violation of *State v. Johnson*, 153 Or.App. 535, 958 P.2d 887, 890 (Or.Ct.App.1998) (en banc). Because federal law in this circuit requires that inventory searches by state officials be conducted in accordance with state law, *United States v. Wanless*, 882 F.2d 1459, 1464 (9th Cir.1989), he reasons, his motion to suppress the methamphetamine should have been granted. In the circumstances of this case, that argument is unavailing.

Defendant does not argue on appeal that the stop was invalid. He does not argue on appeal that the police lacked the authority to impound his car or lacked the authority to conduct an inventory search. His only argument is that the police could not, consistent with *Johnson*, open the Halls cough drop bag when they found it during the inventory search. However, the police were entitled to open the bag under both Oregon and federal law.

The Oregon Supreme Court has held that

[t]ransparent containers ... announce their contents. The contents of transparent containers are visible virtually to the same extent as if the contents had been discovered in 'plain view,' outside the confines of any container.... [N]o cognizable privacy interest inheres in their contents, and thus ... transparent containers can be opened and their contents seized.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*State v. Owens,* 302 Or. 196, 729 P.2d 524, 530 (Or.1986). The *Owens* court further held that no privacy interest exists in an object which, by its appearance, is recognizable as drugs. *Id.* at 530–31. Notwithstanding the *Johnson* limitation on inventory searches, then, Oregon police officers are permitted to open and seize transparent containers that are in plain view.

The district court's findings that the Halls bag was transparent and in plain view of the officers, and that the officers immediately recognized the contents as drugs, are not clearly erroneous. Thus, the search of the bag and its contents was permissible under Oregon law, and the search therefore satisfied the *Wanless* requirement that an inventory search be permissible under state law.

The search also was permissible under the federal plain view exception to the warrant requirement. The plain view exception permits officers to seize items without a warrant if three conditions are met: "[I]f police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." *Minnesota v. Dickerson,* 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). All three conditions are met in this case. The partly transparent Halls bag containing the methamphetamine was in plain view of the officers while they conducted a legal pre-tow inventory search of Defendant's car. As noted, evidence in the record supports the district court's finding that the officers immediately recognized the Halls bag as containing methamphetamine. Finally, the officers had a lawful right of access to

the Halls bag, by virtue of the legality of the inventory search.

AFFIRMED.